ARKANSAS, LOUISIANA & GULF RAILROAD COMPANY v. MORSE.

Opinion delivered June 12, 1916.

RAILROADS—INJURY TO HORSE—LIABILITY.—Plaintiff's horse, coming onto
defendant's right-of-way, became frightened and ran into a cut, several
hundred feet long, but with steep sides, and with a cattle-guard at the
further end. The engineer sounded his whistle, slowed down his train
and stopped within thirty to seventy-five feet of where the horse was
injured. The horse was injured while attempting to escape. *Held*,
under the facts, the railway company was liable.

Appeal from Ashley Circuit Court; *Turner Butler,*
Judge; affirmed.

STATEMENT BY THE COURT.

This appeal is prosecuted by the railroad company
from a judgment against it for $25 damages for injury
to a horse of appellees. The facts are substantially as
follows:

As defendant's south bound freight train ap-
proached Whitlow station, two horses belonging to ap-
pellees came from out of the woods on the railroad
track about 100 feet ahead of the engine and about 100
yards from the beginning of the cut, which was 530 feet
long, from five to six feet deep, with steep sides and with
a cattle gap or guard at the far end eight feet wide and
ten to twelve feet long. There was no way for the horses
to escape from the cut without climbing the embankment
or jumping the cattle gap. There was a place on the
east side of the track and north of the gap, which had
been worn down by the cattle.

The engineer, after sounding the alarm, began to
slow up the speed of the train when the horses entered
the cut running, and continued sounding the alarm and
brought the train to a stop seventy-five feet before he
reached the injured animal. He stated that the horse
attempted to climb the side of the cut and fell back and
was injured. Others said that the injured horse at-
tempted to cross from the west to the east side of the
track north of the trestle and when he stepped between
the rails that he fell and was injured by the fall.

One witness said that when the running horse fell he "skelped the ties," or slid for a distance of from twenty to thirty feet, knocking the hair off his hip and tearing a great hole in his shoulder or neck.

The train stopped within thirty to sixty feet of where the horse fell. The other horse cleared the cattle guard and escaped.

The court instructed the jury, giving among others, over appellant's objection, instruction numbered 2, as follows:

"If the jury believes from the evidence that the horse was injured by reason of the running of the train, either by actual collision with the engine or on account of fright caused by the running of the train, then the burden is on the defendant railway company to prove that such damage did not occur on account of the negligence of the employees operating the train."

*Henry & Harris,* for appellant.

1. The court erred in instructing the jury as to the burden of proof as set out in instruction No. 2 for plaintiff. 70 Ark. 481; 33 *Id.* 816; 84 *Id.* 510; 33 *Id.* 607.

2. The verdict is without evidence to support it. 57 Ark. 16; 84 *Id.* 421.

*Williamson & Williamson,* for appellee.

1. The burden of proof was upon appellant and there was no error in instruction No. 2. Kirby's Digest, § 6773; 66 Ark. 248; 92 *Id.* 372; 33 *Id.* 816.

2. The verdict is sustained by the evidence. 92 Ark. 372; 105 *Id.* 294; 80 *Id.* 284; *Ib.* 382; 79 *Id.* 247; 76 *Id.* 37; 81 *Id.* 604, and many others. Appellant was clearly liable under the evidence. 90 Ark. 4; 92 *Id.* 377; 63 *Id.* 638; 66 *Id.* 248.

KIRBY, J., (after stating the facts). Appellant contends that the court erred in the giving of said instruction and that the evidence is not sufficient to support the verdict.

It is true the horse was not injured by being struck or coming in contact with the train, nor by falling into a trestle or cattle guard upon the track in attempting to escape therefrom. It is also true that the operatives of the train were keeping a lookout and discovered the horses when they first came on the track 100 feet ahead of the engine. The alarm was immediately given and the engineer began to slow up the train, seeing that the distance was so short between where they came on to the track—evidently to cross, and the mouth of the cut, that they would probably go into it. He continued sounding the alarm and finally stopped the train from thirty to seventy-five feet from the place where the horse fell. Certainly the horse would not have been injured but for the running of the train and the sounding of the alarm frightening and causing it to run into the cut, from which it could not have been expected to escape except at the one place near the cattleguard, without jumping the cattle guard, which was eight feet wide. The trainmen knew of the condition of the track in the cut and the cattle guard and could have anticipated that injury would probably result if the horse was followed by the train until the cattle guard was reached. They also knew that it was well nigh impossible for the horse to leave the track except across the cattle guard. They regarded it necessary to stop the train and did so, but the jury might have found from the testimony that they were negligent in not stopping the train sooner and before the injury occurred.

If the horse fell back and injured himself from trying to climb the side of the cut, as may have been the case, or if it fell in trying to cross from the west to the east side of the track, as the evidence tended to show, near the lowest place on the side of the cut, its action might have been anticipated. Necessarily it was more frightened with the noise of the train coming into the cut and might be expected to do anything possible to escape the danger.

The instruction complained of, in the opinion of the majority, was not incorrect in placing the burden upon the railway company to prove that the damage did not occur on account of its negligence in operating the train after the horse was shown to have been injured by reason of the running of the train, either by actual collision with the engine or on account of fright caused by the running of the train.

Under the peculiar circumstances of the case, there being the hindrance and obstruction in the way of the animal's getting off the track, of both the steep sides of the cut and the cattle guard at the end thereof, the trainmen seeing the condition, might have foreseen as a probable consequence of not sooner stopping the train the injury to the animal, or that it would in its fright attempt to climb out of the cut or pass over the cattle guard and be injured, and the fact that it was not injured by falling into the cattle guard, but by falling on the track in its attempt to cross and escape by climbing the cut on the opposite side of the track at the lowest place, was reasonably to be foreseen by them.

No error was committed in the giving of said instruction, and the testimony is sufficient to sustain the verdict.

The judgment is affirmed.